IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| OSCAR ALEXANDER VALLE CONTRERAS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | 1:26-cv-805 (AJT-IDD) |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Oscar Alexander Valle Contreras' ("Petitioner") Petition for Writ of Habeas Corpus ("Petition"), filed on March 25, 2026.

Petitioner is a native and citizen of El Salvador, who entered the United States without inspection by crossing the U.S.-Mexico border in or around January 2005. [Doc. No. 1] ¶ 35. Petitioner resides in Maryland and is the father of a U.S. citizen child who suffers from autism, adjustment disorder, and anxiety, and for whom Petitioner serves as a source of emotional stability and support. *Id.* ¶ 42. On September 16, 2025, Petitioner was taken custody by ICE, and eventually taken to the Farmville Detention Center, where he remains detained without being provided the opportunity to post bond. *Id*. ¶¶ 37, 43. An immigration judge has granted Petitioner cancellation of removal, which remains pending on appeal before the Board of Immigration Appeals. *Id.* ¶ 39.

On April 1, 2026, in response to a Court order, Respondents submitted that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Hernandez v. Crawford,* No. 1:25-CV-01565-AJT-WBP, 2025 WL 2940702 (E.D. Va. Oct. 16, 2025), or the other opinions of this Court cited therein. [Doc. No. 4]. In light of the foregoing, the Court determines, as it did in *Hernandez*, that Petitioner's detention is governed by section

1226(a)'s discretionary framework, not section 1225(b)'s mandatory detention procedures, and under section 1226(a) and its implementing regulations, Petitioner is entitled to a bond hearing before an Immigration Judge. Accordingly, the Petition is **GRANTED**, and it is hereby

**ORDERED** that Respondents provide Petitioner with a bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within seven days of the date of this Order; and it is further

**ORDERED** that if Petitioner is granted bond by an Immigration Judge, Respondents are ENJOINED from denying bond to Petitioner, or from invoking the automatic stay provision pursuant to 8 C.F.R. § 1003.19(i)(2); and it is further

**ORDERED** that Respondents file a status report with this Court within three days of the bond hearing, stating whether Petitioner has been granted bond and, if his request for bond was denied, the reasons for that denial.

The Clerk is directed to send copies of this Order to all counsel of record, and to terminate the case.

Alexandria, Virginia
April 2, 2026

Anthony J. Trenga
Senior United States District Judge

2